**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By: John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel.: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@atkinfirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 100.8.209.150,**<br><br>       **Defendant.** | **Case No. 2:21-cv-10386-JMV-ESK**<br><br>**OPINION AND ORDER** |

      THIS MATTER comes before the Court on plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference (Motion) (ECF No. 6); and the Court having reviewed the moving papers and finding:

      1.    Plaintiff filed its complaint on April 28, 2021. (ECF No. 1.) Plaintiff asserts claims for copyright infringement alleging that defendant, who is only identified as "John Doe" with a certain assigned IP address, illegally downloaded and distributed plaintiff's motion pictures. The complaint further alleges that defendant used the "BitTorrent protocol" to "steal[]" plaintiff's copyrighted motion pictures. (*Id.* ¶ 4.)

      2.    According to plaintiff, "BitTorrent use is anonymous" and only reveals a user's IP address. (ECF No. 6–1 p. 3.) Additionally, federal law prohibits an internet service provider (ISP) from disclosing an IP address subscriber's information absent a court order. 47 U.S.C. § 551, *et seq.*

3. Plaintiff claims it "used IP address geolocation technology by Maxmind Inc. … an industry-leading provider of IP address intelligence and online fraud detection tools, to determine the [d]efendant's IP address traced to a physical address in this District." (ECF No. 1 ¶ 9.)

4. Given the anonymous nature of the alleged infringing conduct, plaintiff has only been able to identify defendant by an IP address. (ECF No. 6–3 (Paige Decl.) ¶¶ 13–26.) Through its investigation, however, plaintiff has identified Verizon Fios as the ISP for the IP address. (*Id.* ¶ 28.)

5. Federal Rule of Civil Procedure (Rule) 26(d)(1) generally prohibits parties from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." However, a party may be permitted to engage in expedited discovery upon a showing of "good cause." *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, 98 F.Supp.3d 693, 694 (D.N.J. 2015) ("[a] good cause standard governs whether to permit discovery prior to a Rule 26(f) conference").

6. This Court has applied the "good cause" standard to permit the issuance of a subpoena for discovery of information relating to the identity of a subscriber of an IP address, where the plaintiff has asserted a prima facie claim for copyright infringement. *See Malibu Media, LLC v. John Does 1–11*, No. 12-07615, 2013 U.S. Dist. LEXIS 26217, at *4–5 (D.N.J. Feb. 26, 2013). However, to ensure that the privacy interests of the subscriber will be protected, this Court has granted leave to serve subpoenas in factually similar cases only with accompanying strict restrictions on the information that can be obtained and required notification to the subscriber. *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.71.68.16*, No. 18-02674, 2020 WL 3567282 (D.N.J. June 30, 2020) (finding good cause to grant Strike 3 Holdings' request to issue a subpoena to an ISP for limited information relating to the subscriber's identity).

Accordingly,

**IT IS** on this 5th day of May, 2021, **ORDERED** that

1. The Motion (**ECF No. 6**) is **GRANTED**. Plaintiff may serve a Rule 45 subpoena on Verizon Fios (ISP), which assigned the IP address associated with defendant, 100.8.209.150 (IP Address). In the subpoena, plaintiff may only request the name and address of the subscriber (IP Subscriber) associated with the IP Address. This Order shall be attached to the subpoena.

2. Upon receipt of plaintiff's subpoena, the ISP shall have 30 days to provide the IP Subscriber with a copy of this Order and plaintiff's subpoena. Upon

2

receipt of the subpoena and this Order, the IP Subscriber has 30 days in which to file a motion to quash, move for a protective order, or seek other applicable relief. If the IP Subscriber chooses to contest the subpoena, the IP Subscriber must notify the ISP of the IP Subscriber's intent so that the ISP is on notice not to release any information to plaintiff until the issue is resolved by the Court.

3. If the IP Subscriber does not contest the subpoena within 30 days of receipt of the subpoena and this Order, the ISP shall provide plaintiff with the requested information within 21 days thereafter. Any information plaintiff receives from the ISP may only be used for the purpose of protecting its rights as set forth in the complaint.

4. Plaintiff shall not publicly disclose any information identifying defendant and/or any person associated with defendant or the IP Address, including, but not limited to, alleged social media evidence and alleged BitTorrent activity, absent express permission by this Court.

5. In the event defendant elects to: (a) proceed anonymously, (b) file a motion to quash or otherwise modify the subpoena served on the ISP, and (c) file an Anonymous Pro Se Defendant Information form, the Clerk of the Court shall not file the Anonymous Pro Se Defendant Information form on the public docket, but shall file that information under temporary seal until otherwise ordered by the Court. The Clerk shall file a redacted version of the Anonymous Pro Se Defendant Information form on the public docket, removing all information entered by defendant.

6. Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with defendant (or any person associated with defendant or the IP Address), unless (a) that party is represented by counsel and (b) counsel initiates settlement discussions. On request of plaintiff or an unrepresented party, settlement shall be conducted under supervision of the Court. This paragraph shall not prevent plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel.

7. Plaintiff shall only identity defendant, and/or any person associated with defendant or the IP Address, with an appropriate "Doe" pseudonym in the captions of amended pleadings and any documents filed publicly with the Court.

8. All documents identifying defendant and/or any person associated with defendant or the IP Address, including alleged social media evidence and alleged BitTorrent activity, shall only be filed in redacted form, with unredacted versions filed under temporary seal, pursuant to Local Rule 5.3(c).

9. Unless the parties agree otherwise, plaintiff shall have the primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to Local Rule 5.3(c).

10. For purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal the Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within fourteen (14) days of the expiration of the deadline to answer, move, or otherwise respond to the Complaint.

11. If defendant and/or any person associated with defendant or the IP Address declines, or does not respond to requests, to join in the motion to seal the Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter by providing an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, based on personal knowledge, describing with particularity the factors outlined Local Rule 5.3(c)(3), plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed.

12. After defendant is served with process, or waives service of process, the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (a) a proposed discovery confidentiality order, and (b) a proposed electronically stored information protocol. *See* Local Rule 26.1(d).

13. The Clerk of the Court is directed to terminate the Motion at **ECF No. 6**.

                                    */s/ Edward S. Kiel*
                                    **EDWARD S. KIEL**
                                    **UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO DEFENDANT**

1.	You are a defendant in the above-captioned case *Strike 3 Holdings, LLC, v. John Doe Subscriber Assigned IP Address 100.8.209.150*, Dkt. No. 2:21-cv-10386-JMV-ESK, a case now pending before the Honorable John Michael Vazquez, U.S.D.J., and Edward S. Kiel, U.S.M.J. of the United States District Court for the District of New Jersey, Newark Vicinage.

2.	A copy of the Court's order setting forth certain deadlines and procedures related to this case is attached.

3.	You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, please be advised that all communications with the Court should be directed through the Clerk of the Court. A copy of the Court's Procedural Guide for Pro Se Litigants is available at: https://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. ("Pro Se Guide").

4.	The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies by using an Internet Protocol address ("IP address") assigned to you by your Internet Service Provider ("ISP").

5.	The plaintiff may not know your actual name or address, but it does know the IP address it alleges is associated with the alleged downloading and/or distribution of the movies.

6.	Although the Court has permitted plaintiff to serve a subpoena on your ISP to ascertain your identity, this does not mean that plaintiff has proven its claim against you.

7.	If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 30 days of the date that you receive notice of the subpoena from your ISP. This motion must be filed with the Clerk of the Court. *See* L. Civ. R. 5.2(4); 7.1(d). You must also serve plaintiff's counsel with a copy of the motion. *See* Fed. R. Civ. P. 5. The plaintiff's counsel in this matter is registered as an Electronic Case Filing ("ECF") Filing User and, therefore, has consented to receive service of all papers via the Court's ECF System. *See* L. Civ. R. 5.2(14)(b)(1). You may also register to receive documents concerning this case electronically using the "Pro Se (Non Prisoner) Consent & Registration Form to Receive Documents Electronically" Form contained in the Pro Se Guide.

8. If you move to quash the subpoena, or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you must complete the "Anonymous Pro Se Defendant Information" form attached to this notice and file it with the Clerk of the Court. You should <u>not</u> provide a copy of this form to plaintiff's attorney or file it on the public docket. This information is <u>solely for use by the Court</u> and the Court will <u>not</u> provide this information to plaintiff's attorney unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. The Court has entered a Protective Order in this matter that prevents plaintiff from publicly identifying you, or any person associated with you, other than in connection with pursing its claim in this matter. Plaintiff is further required to file all documents identifying you, or any person associated with you, under a "temporary" seal, subject to "permanent" sealing by this Court. *See* L. Civ. R. 5.3(c).

11. Since the public has a presumptive right to access documents filed on the Court's docket, the Court must make a determination whether to permanently seal any documents filed with the Court based on a weighing of factors, specifically:

   a. The nature of the materials or proceedings at issue;

   b. The legitimate private and public interest which warrant the relief sought;

   c. The clearly defined and serious injury that would result if the relief sought is not available;

   d. Why a less restrictive alternative to the relief sought is not available;

   e. Any prior order sealing the same materials in the pending action; and

   f. The identity of any party or nonparty known to be objecting to the sealing request.

12. Although the Court has ordered plaintiff to be primarily responsible for preparing the motion papers to request permanent sealing of documents, this

Court's local rules require the above-factors be set forth with particularly in an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, which must be made by a person with personal knowledge. L. Civ. R. 5.3(c)(3).

13. Accordingly, if you wish to defend this matter anonymously after plaintiff receives your identity from your ISP, you (or, if represented, your lawyer) should contact plaintiff's counsel to assist in preparing such a document. Plaintiff's attorney's contact information is:

>John C. Atkin, Esq.
>The Atkin Firm, LLC
>55 Madison Avenue, Suite 400
>Morristown, NJ 07960
>Tel: (973) 314-8010
>Fax: (833) 693-1201
>JAtkin@AtkinFirm.com

14. The Court has ordered that, if you decline to contact plaintiff's counsel or assist in the preparation of such a document, plaintiff must promptly notify the Court and request a determination of whether any documents filed with the Court should nevertheless be permanently sealed.

15. The Court has ordered that plaintiff may <u>not</u> initiate any settlement negotiations with you. If you are represented by counsel and you wish to discuss settlement of this matter, your attorney may initiate settlement negotiations with plaintiff. If you are not represented by counsel and wish to discuss settlement of this matter, the parties may discuss settlement only under the supervision of the Court.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | **Case No. 2:21-cv-10386-JMV-ESK** |
|       Plaintiff, | |
|   v. | |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 100.8.209.150,** | |
|       Defendant. | |

**Anonymous Pro Se Defendant Information**

**Name:** _____

**Address:** _____

         _____

**Phone:** _____

**Email:** _____

**Signature:** _____

**Dated:** _____